# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| STEVE A. MORRIS, | ) |
| | ) |
| v. | ) |
| | )   CV621-051 |
| STATE OF GEORGIA, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

*Pro se* litigant Steve A. Morris is familiar to this Court. In 2015, the Court informed Morris that it would "no longer tolerate his frivolous filings, as they impair the Court's ability to adjudicate the legitimate claims of other litigants." *See Morris v. Kitt,* CV113-172, doc. 71 at 2 (S.D. Ga. Mar. 26, 2015) (Hall, J.). This Court has also dismissed one of Morris' previous § 2254 petitions as untimely. *See Morris v. State*, CV620-064, doc. 42 (S.D. Ga. Feb. 25, 2021), *adopted* doc. 56 (S.D. Ga. Mar. 22, 2021). The Court denied a post-judgment motion in that case as "incoherent." CV620-064, doc. 62 (S.D. Ga. Aug. 16, 2021) (Hall, J.). Morris' instant pleadings are more of the same.

The original pleading, filed in the United States Court for the Middle District of Georgia, is captioned as a motion to "vacate, set aside

or correct by a person in state custody," but also states that the pleading asserts a "class action / civil 42 U.S.C. § 1983" claim. *See* doc. 1 at 1. Morris subsequently completed a form petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. *See generally* doc. 12. Based on that filing, the Middle District transferred this case to this Court. *See* doc. 15 at 2 (citing *Eagle v. Linahan*, 279 F.3d 926, 933 n. 9 (11th Cir. 2001)). After the transfer, Morris filed another pleading, now characterizing his request as one to pursue a second or successive habeas corpus petition or, again, a "class action." *See* doc. 20.

Construing Morris' pleading as a petition pursuant to 28 U.S.C. § 2254, as the Middle District did in transferring it to this Court, it must be dismissed. "Before a second or successive application [is] permitted . . ., the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. §2244(b)(3)(A). District courts "lack[ ] jurisdiction to decide a second or successive petition filed without [the court of appeals'] authorization." *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014). Consequently, "[a] district court *must* dismiss a second or successive petition, without awaiting any response from the

government, unless the court of appeals has given approval for its filing." *Smalls v. St. Lawrence*, 2012 WL 1119766 at * 1 (S.D. Ga. Feb. 27, 2012) (internal citation and quotation omitted). Finally, "[a] dismissal of a § 2254 petition as untimely constitutes a dismissal with prejudice on the merits for purposes of restricting a second or successive § 2254 petition." *Jeffus v. Sec'y, Fla. Dep't of Corr.*, 759 F. App'x 773, 775 (11th Cir. 2018) (citing *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1353, 1359 (11th Cir. 2007)). As this is—at least—petitioner's second habeas action and he does not allege that he either sought or received leave from the Eleventh Circuit before filing, the case should be **DISMISSED**.[1]

To the extent that the instant pleadings attempt to assert any non-habeas civil claim, it is subject to the Court's previous Order. CV113-172, doc. 71 at 3. Subject to the terms of that Order, the Court should find that the instant pleadings do not "allege[ ] a plausible claim for relief," and dismiss them pursuant to the terms of that Order. *Id.*

---

[1] In 2021, the United States Court of Appeals for the Eleventh Circuit denied several of Morris' requests for leave to file a second or successive petition for a writ of habeas corpus. *See In re Steve Arnold Morris*, No. 21-13766-J (11th Cir. Nov. 10, 2021); *In re Steve Morris*, No. 21-13681-D (11th Cir. Nov. 2, 2021); *In re Steve Morris*, No. 21-12447-E (11th Cir. July 30, 2021); *In re Steve Morris*, No. 21-12198-G (11th Cir. July 20, 2021); *In re Steve Morris*, No. 21-11868-F (11th Cir. June 10, 2021); *In re Steve Morris*, No. 21-11783-G (11th Cir. June 10, 2021).

3

(explaining that "automatic dismissal of [Morris'] insubstantial claims will reduce the burden of paper-moving and explanation-writing, conserving a little judicial time for litigants who deserve attention." (internal quotation marks and citation omitted)).  Accordingly, to the extent that Morris intended his pleading to assert a non-habeas civil claim, it should be **DISMISSED**.

Finally, upon the District Judge's adoption of this Report and Recommendation, the various motions pending in this case should be **DISMISSED** as moot.  Docs. 7, 8, 10, 13, 14, 20, 21, 22, 28.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either.  28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added).  Any motion for leave to appeal *in forma pauperis* therefore is moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 9th day of February, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA